OPINION OF THE COURT
Philip S. Straniere, J.
“It ain’t over till it’s over.” (Yogi Berra.)
Plaintiff, Kings & Queens Holdings LLC, commenced this civil action against the defendant, Jeanette Ahmad, alleging that the defendant owed rent for an apartment known as 2862 Hylan Boulevard, apartment A-86, Staten Island, New York. The obligation allegedly was incurred before the defendant vacated the premises. A trial was held on March 21, 2017. Plaintiff was represented by counsel. Defendant was unrepresented.
This action is typical of a class of litigation becoming more prevalent in civil court which has been labeled by some as “rental arrearage” actions. Typically, they involve actions commenced in a situation where the tenant has vacated the premises either before or after a summary proceeding was commenced in the Housing Part and an issue concerning unpaid rent or use and occupancy remains unresolved. This is an area of litigation distinct from the more common small claims action of tenants seeking the return of security deposits and landlords counterclaiming for damages which often arise following the Housing Part leaving these issues unresolved.
Background
The defendant was a tenant at the premises known as apartment A-86, 471 Falcon Avenue, Staten Island, New York pursuant to a written standard form rent stabilization lease. The apartment complex is known as Carolina Gardens. The lease was dated September 5, 2002 and indicated the term was to begin October 1, 2002 and expire September 30, 2004. Presumably, the lease term was extended over the years by written agreements. Another renewal lease was sent to the defendant on June 24, 2013 offering to extend the occupancy for either a one-year term (Sept. 30, 2014) or a two-year term (Sept. 30, 2015). It is agreed that the tenant refused to sign the renewal lease and remained in possession as a month-to-month tenant until she vacated the premises on September 30, 2014. This civil litigation alleges nonpayment of rent for the period July 1, 2014 to September 30, 2014.
*836 It should be noted that in this civil action, plaintiff alleges that the address of the premises is 2862 Hylan Boulevard, Staten Island, New York, apartment A-86. In the summary proceeding the landlord brought in September 2014 it alleged the address as 471 Falcon Avenue. Plaintiff contends that the premises have both addresses.
The landlord on the initial written lease is Carolina Gardens Limited Liability Company. The petitioner in the summary proceeding and the plaintiff in this action is Kings & Queens Holdings LLC. In order to resolve the question of the standing of the plaintiff to bring these actions, the court permitted the plaintiff to produce as a posttrial submission the deed from Carolina Gardens Limited Liability Company to plaintiff dated August 10, 2007. The property description in the deed covers three parcels with separate block and lot numbers.
Prior Summary Proceeding (L & T No. 52903/14)
On September 3, 2014, plaintiff, as petitioner landlord, commenced a summary proceeding alleging that the defendant, as respondent tenant, failed to pay rent as agreed for the period June, July and August 2014. Respondent filed an answer on October 2, 2014 alleging that the monthly rent being charged is not the legal rent under the terms of the current lease and the June rent was partially paid. She also alleged that she moved in September 2014. The premises were described as 471 Falcon Avenue, apartment A-86. The tenant did not raise as a defense conditions in the apartment.
On October 8, 2014, the parties signed a stipulation reciting that the “proceeding discontinued. Tenant moved.” There is no mention in the stipulation as to whether the claim for rent was resolved or survived. Neither party preserved the right to bring a plenary proceeding in regard to any issues existing between them. It is silent as to whether the discontinuance is with or without prejudice.
In spite of entering into a voluntary discontinuance of the proceeding on October 8, 2014, in which it acknowledged surrender of the apartment, the landlord submitted papers seeking to have a warrant of eviction issued. Fortunately, the clerk discovered the discontinuance and rejected the inconsistent request. No warrant was issued. The legal status of this summary proceeding is discussed below.
*837 Legal Issues Presented
I. Are the premises properly described?
As noted above, the premises sought to be recovered in the summary proceeding were described by the plaintiff as 471 Falcon Avenue, apartment A-86 while in this civil action they are listed as 2862 Hylan Boulevard, apartment A-86. When questioned at trial, plaintiff asserted that the addresses are interchangeable and describe the same premises. A search of New York City Buildings Department records contradicts that assertion.
A Department of Buildings search discloses that 471 Falcon Avenue is one of 21 units listed as being located on block 4000, lot 39. The certificate of occupancy search for that address shows 471 Falcon Avenue as being one of nine addresses and 18 dwelling units covered by the certificate of occupancy. Regarding 2862 Hylan Boulevard, it is listed as one of 44 units on block 4001, lot 1. The certificate of occupancy discloses 2862 Hylan Boulevard as being one of 10 addresses and 20 dwelling units covered by the certificate of occupancy.
Obviously, they are not the same legal premises. If this were an action to recover possession of the premises, it would be defective. However, this is an action for unpaid rent only as the defendant has vacated the premises and it is conceded that she occupied apartment A-86 irrespective of the street address. Because the address of the premises is not a material issue in the litigation, the court determines that this is a de minimis error capable of being remedied.
II. Does the existence of the prior summary proceeding preclude the civil action?
Plaintiff previously commenced the above referenced summary proceeding for nonpayment of rent. It was discontinued by a stipulation dated October 8, 2014, the return date of the proceeding. The stipulation is not “so ordered” by the court. The procedure to discontinue an action or proceeding is set forth in Civil Practice Law and Rules § 3217. There is no equivalent rule in the Real Property Actions and Proceedings Law. CPLR 3217 provides:
“Voluntary discontinuance
“(a) Without an order. Any party asserting a claim may discontinue it without an order “1. by serving upon all parties to the action a notice of discontinuance at any time before a responsive *838 pleading is served or, if no responsive pleading is required, within twenty days after service of the pleading asserting the claim and filing the notice with proof of service with the clerk of the court; or “2. by filing with the clerk of the court before the case has been submitted to the court or jury a stipulation in writing signed by the attorneys of record for all parties, provided ... no party is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action;
[[Image here]]
“(b) By order of [the] court. Except as provided in subdivision (a), an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper. After the cause has been submitted to the court or jury to determine the facts the court may not order an action discontinued except upon the stipulation of all parties appearing in the action.
“(c) Effect of discontinuance. Unless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States
[[Image here]]
A review of the facts of the summary proceeding is needed to determine if that litigation was properly discontinued.
On October 2, 2014, the tenant filed an answer which meant the action would proceed as a contested matter and gave it a court appearance date of October 8, 2014. Because an answer was filed, the discontinuance could not be by notice only as permitted by CPLR 3217 (a) (1). If the language of the statute is taken as written, a discontinuance by stipulation (CPLR 3217 [a] [2]) is also unavailable because it says the stipulation is to be “signed by the attorneys of record.” The statute would seem to prohibit a stipulation of discontinuance being submitted in litigation where both parties are unrepresented or as exists here, where the landlord is represented and the tenant is not.
*839 This leaves as the only procedure to discontinue the summary proceeding was by “order of the court.” This makes sense in that having the court order the stipulation would mean that the judge has allocated the document. Such a process is the minimum that should be required when unrepresented persons are one or both of the parties. It reduces the likelihood of a misunderstanding of the terms of the agreement as well as the possibility of the forfeiting of an unrepresented litigant’s rights, especially if one side is represented.
The court record discloses that the stipulation is not “so ordered.” Nor is there any indication that the stipulation was allocated. It means that this court would have to conclude that what was the legal effect of the discontinuance was never discussed with the unrepresented tenant. In effect, the Housing Part has created the equivalent of “Ground Hog Day” for the litigants.
The above being the case, what is the status of the summary proceeding and this civil action? It appears that the summary proceeding was not properly discontinued. So, if the summary proceeding still is a viable action, does it have to be dismissed as an “abandoned case” pursuant to CPLR 3404? First, the language of CPLR 3404 only applies to cases in “supreme or county court.” Civil court is not mentioned. This court has in the past concluded that this is just another statute that the legislature never got around to fixing when the county court was abolished in 1962 in New York City to be replaced by the civil court. It would make no sense that litigants outside of New York City have more procedural rights than those in New York City.
Second, the facts of the case do not fit the definition of an “abandoned case” under CPLR 3404 as it was not marked “off calendar” nor was there a failure to appear at a calendar call. This means that analysis under CPLR 3216, dismissal for want of prosecution, is required. Because this statute refers to “joinder of issue,” which occurs when an unrepresented litigant answers, there is no need to file a note of issue (supreme court) or notice of trial (civil court) for CPLR 3216 to apply. The court on its own motion may dismiss the action on notice to the parties and on terms the court imposes. Such a dismissal is not on the merits.
To have the current civil litigation before the court, the only solution to correct the improper discontinuance of the summary proceeding is for this court to administratively dismiss the summary proceeding for failure to prosecute.
*840 The summary proceeding was not properly discontinued. It had to be done by court order. It was not. It is in litigation limbo. Another “Flying Dutchman” on the sea of litigation. It can only be corrected by this court administratively dismissing the prior summary proceeding.
III. Is the civil action a consumer credit proceeding?
Advocacy groups have raised the issue concerning these rent arrearage matters that the failure to classify them as consumer credit transactions deprives defendants of the assistance of legal services programs. They point out that had the landlord plaintiff been forced to proceed in the Housing Part, legal services programs would provide counselling or actual representation. If the action is deemed a consumer credit transaction, programs such as the Volunteer Lawyer for the Day would be available to defendants. It is argued that discontinuing the summary proceeding and then bringing a civil proceeding for rent due and owing that could have been resolved in the Housing Part is prejudicial to the tenant defendant not only because of the lack of legal services in the civil parts, but also the passage of time may deprive the tenant of certain defenses which were available in the Housing Part.
CPLR 105 (f) defines “consumer credit transaction.” It states: “The term ‘consumer credit transaction’ means a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes.”
The issue of whether unpaid rent is a consumer credit transaction has been decided (Romea v Heiberger & Assoc., 163 F3d 111 [1998]). The obligation to pay rent has been deemed a debt under the Federal Fair Debt Collection Practices Act (FDCPA) (15 USC § 1692 et seq.). The statute defines “debt” as “any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment.” (15 USC § 1692a [5].)
The language of the New York definition for a “consumer credit transaction” is almost the same as the definition of “debt” in the FDCPA. Further, when the plaintiff let the defendant vacate the apartment without paying the rent an extension of credit occurred. Especially, when the plaintiff had the opportunity to obtain payment from the defendant or in the *841 alternative both a money judgment and possession in the Housing Court proceeding but instead voluntarily discontinued that litigation without resolving the money issue. This created a consumer debt and an extension of consumer credit under the statutes.
Because this is a consumer credit transaction, CPLR 305 mandates certain pleading requirements. It provides:
“The summons in an action arising out of a consumer credit transaction shall prominently display at the top of the summons the words ‘consumer credit transaction’ and, where a purchaser, borrower or debtor is a defendant, shall specify the county of residence of [the] defendant, if one resides within the state, and the county where the consumer credit transaction took place, if it is within the state . . . .” (CPLR 305 [a].)
The pleadings prepared and served by the plaintiff in the civil action do not comply with CPLR 305. They lack the statutory notice.
The Uniform Rules for New York City Civil Court (22 NYCRR) provide additional requirements for pleadings in a consumer credit transaction. Rule 208.6 (d) (1) requires:
“In any action arising from a consumer credit transaction, if the form of summons provided in subdivision (b) of this section is used:
“(1) the summons shall have prominently displayed at the top thereof the words CONSUMER CREDIT TRANSACTION and the following additional legend or caveat printed in not less than 12-point bold upper case type:
“IMPORTANT!! YOU ARE BEING SUED!!
“THIS IS A COURT PAPER—A SUMMONS “DON’T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN’T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!
*842 “(2) [omitted by this court because it mirrors CPLR 305]
“(3) The summons also shall contain a translation in Spanish . . .
Because plaintiff did not treat the action as one involving consumer credit, none of these notices were given to the defendant. This places the defendant at a procedural disadvantage and without the resources available in the Housing Part or in the Consumer Credit Part of the civil court to assist unrepresented litigants.
The summons and complaint in the civil action alleges a cause of action that is a consumer credit transaction and debt under New York and federal law. It is not in compliance with the rules. It is defective.
IV. Are these matters being calendared in the proper part?
The fact that the pleadings do not conform to the statutory requirements for pleading a consumer credit transaction means that the clerk of the court has not placed the action on the calendar in Part 11C, the part designated for consumer credit cases. The result is that the defendant is not afforded the opportunity to be represented by the Volunteer Lawyer for the Day, consult with representatives from the Civil Legal Advice and Resource Office program, or take advantage of other resources available in consumer credit litigation.
The clerk is directed to review all such filings for rent arrears and transfer them to the Part 11C calendar.
V. Is there a valid claim for legal fees?
Plaintiff, in addition to the cause of action for unpaid rent alleged due, has asserted a claim for legal fees. The initial rent stabilization lease dated September 5, 2002 at paragraph 18 provides:
“Remedies of Owner and Your Liability
“If this lease is ended by owner because of your default, the following are the rights and obligations of You and Owner . . .
“c. (3) Owner’s expenses for legal fees.”
Plaintiff accepted surrender of the premises in the summary proceeding. In the stipulation plaintiff drafted, plaintiff failed to reserve the right to pursue the defendant for unpaid rent. It also failed to preserve any other rights it had under the terms of the lease. As set forth in the unsigned renewal lease, the term expired by its own terms on September 30, 2014. The lease was not ended because of the tenant’s default. The *843 landlord had the opportunity to litigate that issue and obtain a money judgment and possession of the apartment by the issuance of a judgment from the court and a warrant of eviction. And if the landlord prevailed, seek legal fees. The landlord voluntarily forfeited these legal rights.
This civil litigation is a claim for unpaid rent arising from the period prior to surrender. Plaintiff is not entitled to legal fees. It was not the prevailing party in the nonpayment proceeding. It received neither a money judgment nor the award of possession. It abandoned that action.
The civil action is an independent consumer credit claim for unpaid rent post surrender. The claim for legal fees does not arise from the terms of the lease.
VI. Are the pleadings defective?
The summons and complaint in the civil action are totally devoid of any reference to the prior Housing Court proceeding. This is a consistent practice of plaintiffs and their attorneys in these rent arrearage cases. Irrespective of whether any prior action or proceeding is disclosed in the pleadings, this court has had a practice of asking the clerk of the court to search the court records and produce any files of prior litigation between the same parties for the same premises. The court instituted this practice based on its experience that all litigants have their own version of the truth; if the prior case is raised by either party their memory of what occurred may not coincide; and unrepresented parties often do not think they should raise the issue.
There are two obvious solutions. One is to require the clerk to make such a search when the plaintiff files the case or when issue is joined so that the judge has the older file available for the first court appearance. The second solution would be to require the plaintiff to actually plead the existence of any prior litigation in the complaint reciting the court and index number. This would enable the clerk to have any prior files available for the judge to review.
Having the plaintiff plead this information may be a problem because counsel for the civil action may not be the attorney of record in the Housing Part. On the other hand, competent lawyering would seem to compel any lawyer to inquire of the client about prior litigation with the defendant. It does not seem to be too burdensome a requirement to impose on counsel and is necessary information for the court to have to reach a fair and just result.
*844 This court by requiring production of prior files has found out that on occasion, the plaintiff already has a money judgment for all or part of the money sought in the civil action from the prior summary proceeding; the landlord has waived the right to seek money in exchange for the tenant vacating by a certain date or for the landlord not making repairs; or the Housing Court proceeding is still viable.
Incredibly, there does not appear to be any statutory requirement that prior litigation between the parties be specifically pleaded. Presumably this is because the legal system assumes that both sides would be represented by counsel. As we have learned in modern day civil court, this is not accurate. Large numbers of litigants and especially defendants are unrepresented. Some studies have the number of unrepresented defendants in civil court including the Housing Part at 95%.
Because of the large number of unrepresented defendants, an argument may be made that there is an obligation to plead the prior litigation. For instance, rule 3.3 of the Rules of Professional Conduct (22 NYCRR 1200.0) require: “(d) In an ex parte [communication], a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.”
Similarly, CPLR 402, pleadings in special proceedings (a summary proceeding is a special proceeding), provides: “Where there is no adverse party the petition shall state the result of any prior application for similar relief and shall specify the new facts, if any, that were not previously shown.”
CPLR 3015 regarding pleading of “particularity as to specific matters” states: “(c) Judgment, decision or determination. A judgment, decision or other determination of a court, judicial or quasi-judicial tribunal, or of a board or officer, may be pleaded without stating matter showing jurisdiction to render it.”
It seems that there is an obligation to notify the court of information concerning prior litigation only in regard to ex parte communications. It is not too much of a logical leap to require similar notification in litigation where statistically the vast majority of defendants are unrepresented and therefore less likely to be able to communicate essential information to the court.
*845 VII. Does the defendant have a laches defense?
Landlord-tenant case law has developed the idea of “stale rent.” The premise is that the landlord has waited too long to bring a summary proceeding based on nonpayment of rent. Because a summary proceeding is supposed to provide relief in an expeditious manner, the landlord loses the right to obtain a money judgment for the older months of unpaid rent. A judgment of possession may be awarded in a particular case along with a money judgment for the current unpaid rent. The theory supporting the “stale rent” claim arises from the equitable doctrine of laches.
To establish laches a party must show:
“(1) conduct by an offending party giving rise to the situation complained of;
“(2) delay by the complainant in asserting his or her claim for relief, despite the opportunity to do so;
“(3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief; and
“(4) injury or prejudice to the offending party in the event that the relief is accorded to the complainant.” (75A NY Jur 2d, Limitations and Laches § 360.)
The current civil court litigation is an action at law for breach of contract for which the statute of limitations is six years from the date of breach (CPLR 213). Plaintiff alleges the date of breach of the payment terms of the lease occurred on July 1, 2014. Therefore, this action filed January 21, 2016 is timely.
However, there is something fundamentally wrong with this position. Plaintiff had the opportunity to resolve this issue in the Housing Part when it commenced the summary proceeding for nonpayment of rent. Rather than pursuing that course, plaintiff voluntarily discontinued the landlord-tenant proceeding without either resolving the money claim or affirmatively preserving its right to commence a plenary action for rents due and owing.
The unfairness of this procedure to the defendant tenant is apparent. Defenses which may have been available to the tenant in the Housing Part may now effectively be cut off or no longer provable, for instance, repairs that needed to be made to the apartment or payments from third-party sources. Not being able to present a defense concerning the condition of the apartment in the Housing Part may now be moot because even *846 if the court in the civil action ordered an inspection, the tenant is no longer occupying the apartment and the complained of condition may no longer exist.
Interestingly, the defendant herein did not raise the issue of repairs in the summary proceeding. She did assert it as a defense in the civil action and produced photographs of the conditions. But because she vacated the apartment, such a defense is no longer capable of being established. By permitting the landlord to discontinue the summary proceeding without specifying what rights of each party survived, both parties may be at a disadvantage. However, it is obvious that the tenant is at the bigger disadvantage because any defense arising from the conditions cannot be properly investigated more than a year later.
The defense of laches is a viable defense in these rent ar-rearage cases.
VIII. Is there a solution?
The way to prevent situations such as set forth in this matter from occurring is to change the practices in the Housing Part. No matter should be discontinued in the Housing Part without a written stipulation “so ordered” by the housing judge. It is not enough that the housing judge allocates or explains on the record what is happening to the litigation. Without a written order in the housing file, the Civil Part has no idea what happened with the prior litigation. The tape of the Housing Court appearance is not readily available.
Any stipulation of discontinuance should set forth what claims and defenses of the landlord and tenant have and have not been resolved. Perhaps it should also set a time frame for the landlord to bring a plenary action for the same relief sought in the Housing Part and being voluntarily discontinued. Additionally, the issue of release of the security deposit, if any, should be addressed. The practice now is to have tenants sue in the Small Claims Part for the return of the deposit because the matter was unresolved in the Housing Part.
Whenever these cases are brought in the Civil Part or the Small Claims Part, the clerk should deliver to the judge the entire prior summary proceeding file. And as noted above, the landlord as the plaintiff should affirmatively plead the index number of any prior litigation.
*847 Conclusion
Conversation may dangle. Ask Simon and Garfunkle.
Participles may dangle. Ask Hon. Gerald Lebovits.
Litigation may not dangle. Ask defendants in rent arrearage cases.
The facts of this case establish that there is a major problem with rent arrearage cases currently being filed in civil court especially when there was a prior summary proceeding which was terminated in some manner other than by a final judgment. Giving the landlord a second bite at the apple raises due process issues and places unrepresented tenants in a worse legal position than they would have been in had the summary proceeding been resolved on the merits in the Housing Part.
Although the plaintiff herein had a legal right to bring this action and is owed money by the defendant, plaintiff could have and should have resolved the matter in the Housing Part and chose not to. The number of factual problems with this litigation when coupled with the procedural disadvantage inflicted on the defendant by plaintiff choosing to fight another day requires dismissal of this action.
It is also determined that rent arrearage actions are consumer credit transactions affording defendants all the rights available in that category of cases. This means plaintiffs must comply with all consumer credit pleading requirements and that the cases must appear on the Part 11C calendar in the Civil Part.
Plaintiffs have a duty to plead the existence of all prior litigation between the parties concerning the apartment in question especially summary proceedings, and the result of that litigation.
Litigation that is discontinued must be done either by a “so ordered” stipulation or a court order setting forth what issues have and have not been resolved including whether either party retains the right to a plenary action.
Laches is available to defendants in civil court rent arrear-age actions.
Plaintiff’s litigation is dismissed without prejudice to renew if plaintiff complies with the findings and directives of this decision.