Lefferts Ave. Ventures LLC v Keennlyside (2026 NY Slip Op 50048(U))

[*1]

Lefferts Ave. Ventures LLC v Keennlyside

2026 NY Slip Op 50048(U)

Decided on January 14, 2026

Civil Court Of The City Of New York, Kings County

Malik, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 14, 2026
Civil Court of the City of New York, Kings County

Lefferts Avenue Ventures LLC, Plaintiff(s),

againstMiles F. Keennlyside and SOPHIA K. DUPONT, Defendant(s).

Index No. CV-004322-25/KI

Attorneys for plaintiffTyler D. Hardy, Esq.Robert Edward Judge, PC365 Bridge Street, Ste 3PROTel. (718)875-5802Attorneys for defendantDavid Douglas Jensen, Esq.33 Henry StreetBeacon, New York 12508-3006Tel. (212)380-6615

Rena Malik, J.

In this action for unpaid rent arrears, defendant Keennlyside moves to dismiss the action pursuant to CPLR 3211 (a) (5), CPLR 214-i, CPLR 3211 (a) (7) and/or CPLR 3016 (f) or in the alternative granting defendant leave to file an answer.
Defendant argues that the action should be dismissed on statute of limitations grounds as the claim for rent arrears is subject to the statute of limitations applicable to the three-year consumer credit transactions under CPLR 214-i. Defendant also argues that plaintiff cannot rely on the prior action between the parties having tolled the statute of limitations because plaintiff did not acquire jurisdiction over defendant in that action. In addition, defendant asserts that the complaint fails to satisfy pleading requirements applicable to consumer credit transactions under CPLR 3016 (j) and should be dismissed on that basis as well. Defendant relies upon the decision [*2]in Kings & Queens Holdings, Inc. v Ahmad, which held that "[t]he issue of whether unpaid rent is a consumer credit transaction has been decided. The obligation to pay rent has been deemed a debt under the Federal Fair Debt Collection Practices Act (FDCPA) (15 USC § 1692 et seq.)" (56 Misc 3d 832, 840 [Civ Ct, Richmond County 2017] [hereinafter Kings & Queens], citing Romea v Heiberger & Assoc., 163 F3d 111 [1998]).
In opposition, plaintiff argues that the claim for unpaid rent arrears is a breach of a lease agreement and a six-year statute of limitations for breach of contract causes of action applies (see CPLR 213). Plaintiff notes that the Kings & Queens decision relied upon by defendant is distinguishable because it concerned the plaintiff-landlord's failure to pursue entry of a money judgment in a housing court proceeding as being considered an extension of credit. Defendant fails to distinguish between the definition of consumer credit transaction as defined by CPLR 105 (f) and a consumer debt subject to FDCPA which is a larger scope, as defined. Plaintiff also argues that the Court should not rely upon the Kings & Queens decision because it was decided almost 5 years prior to enactment of the Consumer Credit Fairness Act (CCFA), and that one or two clauses in the report of the NYC Bar contained within the bill jacket of the CCFA, relied upon by defendant, is not controlling authority. This Court agrees.
The Kings & Queens citation to Romea (163 F3d 111) for the proposition that "[t]he issue of whether unpaid rent is a consumer credit transaction has been decided" (Kings & Queens, 56 Misc 3d at 840) is completely unfounded. The Second Circuit in Romea held that predicate notices to a nonpayment proceeding (i.e., a rent demand) constituted communications about a debt. It specifically rejected the defendant-landlord's argument that "rent is not an extension of credit and that hence the obligation to pay it does not constitute a debt" (163 F3d at 114-115) because it was attempting to conflate the issue, "which is not whether all rent is an extension of credit, but whether back rent is a debt" (id. at 115). It went on to elaborate:
Back rent by its nature is an obligation that arises only from the tenant's failure to pay the amounts due under the contractual lease transaction. In this respect, back rent is much like the obligation arising out of a dishonored check where a service has been rendered or goods sold on the premise of immediate payment. The obligation to pay the bounced check, like the duty to pay back rent, does not derive from an extension of credit but rather because the payor breached its payment obligations in the contract between the parties.(Romea, 163 F3d at 115).Essentially, Romea merely stood for the proposition that the FCDPA has a broad scope such that communications about back rent fall within the FDCPA as a debt and that communications about consumer credit debt also fall within the FDCPA — not that the failure to pay rent is a consumer credit transaction, i.e., an extension of credit. Accordingly, the proposition in King & Queens that back rent falls within the definition of a "consumer credit transaction" pursuant to CPLR 105 (f)[FN1]
should not be followed.
Indeed, in an action concerning failure of pay rent pursuant to a written lease, the Supreme Court, New York County similarly reasoned:
The Court finds that this case, which concerns unpaid rent, is not a consumer debt transaction matter. Pursuant to 22 NYCRR § 202.27-a (1), "a consumer credit transaction means a revolving or open-end credit transaction wherein credit is extended by a financial institution, which is in the business of extending credit, to an individual primarily for personal, family or household purposes." Defendant fails to cite to any caselaw or legislative history that shows that landlord tenant disputes are governed by consumer credit laws and are thereby governed by a three-year statute of limitations.Breaching a lease is not an issue typically characterized as a consumer debt dispute. A lease is not governed like a secured transaction. Instead, leases operate under the plethora of landlord tenant laws applicable in this state. Unpaid rent does not function like an unpaid credit card and a landlord is not in the business of extending credit—a landlord offers housing in exchange for payments.Moreover, because this is not a consumer debt matter, the statute of limitations is not three years.(Rhumb W 21 LLC v Wolfe, 2023 NY Slip Op 31906 [U], *4 [Sup Ct, NY County 2023] [Bluth, J.]).This Court is not aware of any controlling authority extending the definition of consumer credit transactions under CPLR 105 (f) to unpaid rent arrears.
Accordingly, it is hereby ORDERED that branches of defendant's motion to dismiss the complaint is denied; and it is further
ORDERED that defendant shall file and serve an answer to the complaint within thirty (30) days of entry of this order.
This constitutes the decision and order of the court.
DATE January 14, 2026ENTER:RENA MALIKJudge of the Civil Court

Footnotes

Footnote 1:CPLR 105 (f) provides that consumer credit transaction "means a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes."